UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, | CASE NO. C19-1506RSM |
| Plaintiff, | ORDER |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendants. | |

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's (1) Notice (to Remand) ("Motion to Remand") and (2) Motion to Strike and Motion to Renote and Request Hearing ("Motion to Strike"). Dkts. #10 and #28. Defendant First American Title Insurance Company ("First American") opposes the Motion to Remand. Dkt. #25. Plaintiff has not responded to First American's opposition, calling into question the strength of the arguments laid forth in her Motion to Remand. *See* LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit"). Rather, Plaintiff filed her Motion to Strike, seeking varied relief from the Court. Dkt. #28. First American has responded. Dkt. #31. For the following reasons, the Court denies Plaintiff's Motions.

ORDER – 1

## II. BACKGROUND

The relevant background is limited and procedural in nature. First American removed Plaintiff's state court action to this Court on September 19, 2019. Dkt. #1. First American removed the action based on the Court's diversity jurisdiction. *Id.* at 2–5. Both Defendant Bank of America, N.A. ("Bank of America") and Defendants Rushmore Loan Management Services ("Rushmore") and US Bank NA ("US Bank") have filed motions to dismiss which are not yet ready for consideration. Dkts. #6 and #12. First American seeks to join in Bank of America's motion to dismiss. Dkt. #14.

For her part, Plaintiff has filed what the Court construes as a motion to remand. Dkt. #10. First American timely responded to Plaintiff's Motion to Remand. Dkt. #25. Plaintiff did not file a reply in support of her Motion to Remand and instead filed her Motion to Strike. Dkt. #28. First American likewise opposes the Motion to Strike and is joined by the other Defendants. Dkts. #31, #34, and #35. On the noting date of the Motion to Strike, Plaintiff filed a document captioned as "Plaintiff's Request for the Court to Take Judicial Notice of Substitution of John Doe Defendants. Dkt. #37. Upon the Court's review, that filing does not appear to be a substantive reply and the Court will not consider it further.[1]

## III. DISCUSSION

### A. Plaintiff's Notice to Remand

Plaintiff does not establish any basis for remand in this case. Plaintiff's Motion to Remand proceeds on misunderstandings of the law and attempts to cast removal in this case as

---

[1] Plaintiff's Notice requests that the Court "take judicial notice of the substitution of two John Doe Defendants, listed on Plaintiff's original and First Amended Complaint, filed in King County Superior Court (Case number 19-2-20601-2)." Dkt. #37 at 1. Plaintiff provides further notice of her intent to file a "second amended Complaint" in this case "shortly." *Id.* As Plaintiff's Notice does not seek affirmative relief, the Court will not consider it.

ORDER – 2

improper. Contrary to the Motion to Remand, the Court finds removal in accordance with the rules and does not find a valid objection in Plaintiff's Motion to Remand.

**1. Legal Standard**

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The removing party must carry the burden of establishing jurisdiction not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The Court's diversity jurisdiction is properly invoked for "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332). For diversity jurisdiction in a case involving multiple plaintiffs and defendants, each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996).

**2. Remand was Proper**

Without legal or factual support,[2] Plaintiff contends that removal was improper. But each of Plaintiff's unsupported objections fail. Plaintiff believes that a motion should have been filed in state court, that removal somehow altered the nature of her case,[3] and that an upcoming hearing in state court should have precluded removal. Dkt. #10 at 2. But, Plaintiff's arguments are

---

[2] Plaintiff attached several documents to her Motion and filed an "exhibit" in support of her Motion. Dkt. #11. The Court is unable to discern the relevance of the "exhibit" to the issue of removal from state court. The other documents are insufficient to establish the points Plaintiff cites them for.

[3] Plaintiff claims that First American's notations on the Court's Civil Cover Sheet misidentify Plaintiff's claims. But Plaintiff's Complaint continues to be the relevant filing.

ORDER – 3

baseless and, as First American correctly notes,[4] removal does not require a preceding state court order. Dkt. #25 at 3 (citing 28 U.S.C. § 1441(d)).

Plaintiff next argues broadly that this case is not properly within the Court's jurisdiction and is "not a diversity case."[5] Dkt. #10 at 4. But Plaintiff's unsupported allegations do not overcome the record. First American's notice of removal already demonstrated complete diversity between the parties and satisfaction of the amount-in-controversy requirement.[6] Dkt. #1. Plaintiff's unadorned assertions do not alter the calculus.

Plaintiff's other arguments fair no better. Plaintiff argues that the Defendants have litigated other cases in state court. Dkt. #10 at 6. But even if Defendants are subject to state court jurisdiction, this fact does nothing to establish that removal to this Court was improper. Plaintiff asserts that she has the right to choose the venue for her claim. *Id.* at 9. But this would, of course, negate the removal statute completely and finds no legal support. Plaintiff also indicates that she filed an amended complaint in state court, removing First American as a defendant. *Id.* at 7. But Plaintiff again provides no legal support for her position that removal is defeated by filing an amended complaint in state court after the notice of removal has already been filed. Plaintiff next argues that First American failed to attach state court records, violating the statutory procedure for removal. *Id.* at 8 (citing 28 U.S.C. § 1446 (requiring moving party to file "a copy of all process, pleadings, and orders served upon such defendant or defendants in

---

[4] Plaintiff has requested that the Court strike First American's response (Dkt. #25) on the basis that she amended her state court complaint to remove First American as a defendant in this action. Dkt. #28 at 1–2. The Court addresses this request below, ultimately rejecting it.

[5] The Court also notes that Plaintiff appears to incorrectly believe that this Court cannot apply state law. Dkt. #10 at 5.

[6] *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint.").

ORDER – 4

such action")). But First American filed the entire state court record on the same day the notice of removal was filed. Dkt. #3.

Lastly, Plaintiff questions whether First American's Notice of Removal was timely. Dkt. #10 at 9–12. Plaintiff claims that she attempted service of process by mailing documents to Defendants on August 14, 2019, and that US Bank was served one day later. *Id.* at 10. As such, Plaintiff argues that First American's Notice of Removal, not filed until September 19, 2019, came too late. But First American asserts it first learned of the state court action "on or about August 20, 2019." *Id.* at 5. Beyond speculation, Plaintiff gives the Court no reason to doubt First American's assertion. On the record before the Court, First American's Notice of Removal appears timely.

**B. Plaintiff's Motion to Strike and Motion to Renote and Request Hearing**

Plaintiff's Motion to Strike seeks various forms of relief, again without adequate legal support. Among them, Plaintiff requests a three-judge court, to strike filings, to pursue new claims against new parties, and to renote her Motion to Remand to be considered with the pending motions to dismiss and to set a date for oral argument. *See generally*, Dkt. #28. First American has opposed Plaintiff's Motion to Strike. Dkt. #31.[7] The remaining Defendants seek to join First American's response. Dkts. #34 and #35. Hampered by Plaintiff's scattershot approach, the Court attempts to address each issue in turn.

Plaintiff requests that the Court change the noting date of her own Motion to Remand to November 15, 2019, the same day as the pending motions to dismiss, and schedule a hearing before the Court. Dkt. #28 at 11. Plaintiff additionally indicates that she wants an opportunity

---

[7] The Court finds it unnecessary to refer extensively to the arguments advanced by First American in response to Plaintiff's Motion to Strike. The Court notes, however, that First American's response and this Court's order are generally consistent and that the outcomes of this order are further supported by First American's response.

ORDER – 5

to respond to Defendant's response (Dkt. #25) and "seeks leave to file a new motion." *Id.* However, the Court notes that Plaintiff did not file a reply to First American's response. Plaintiff seeks significant deviations from the applicable rules while providing no valid justification. The Court sees no basis for allowing Plaintiff additional time to reply. Plaintiff's Motions have been fully briefed and are ripe for consideration by the Court at this time.

The Court next considers Plaintiff's request that the Court strike various filings by Defendants. *Id.* at 1–2 (requesting strikes of Dkts. #6, #12, and #25). As an initial matter, Plaintiff invokes Federal Rule of Civil Procedure 12(f) which provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court notes that motions to strike pursuant to Rule 12(f), by their nature, are limited to striking material from pleadings. *Id.*; *Delano Farms Co. v. California Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1182 (E.D. Cal. 2009), *affirmed*, 655 F.3d 1337 (Fed. Cir. 2011). Plaintiff's Motion to Strike is not directed at any pleading and does not provide a legal basis for striking the requested filings.[8,9]

Plaintiff also appears to seek leave to pursue additional claims against additional parties. Dkt. #28 at 5–7. Specifically, Plaintiff wishes to pursue claims against the Clerk of this Court, William McCool, and against her Chapter 13 Bankruptcy Trustee, Jason Wilson-Aguilar. *Id.* at

---

[8] Plaintiff seems to argue that she filed an amended complaint in the state court, thereby removing First American as a Defendant, and necessitating that all of First American's filings be struck. Dkt. #28 at 2–3. But Plaintiff provides no explanation of why filing an amended complaint in an already removed state court action affects the proceedings before this Court.

[9] Plaintiff argues without support that Defendant Bank of America's motion to dismiss (Dkt. #6) should be struck because it was filed within twenty-four hours of this action being removed. Dkt. #28 at 3. Plaintiff argues only that the quick filing "was an exploitation of the Plaintiff's lack of legal knowledge." *Id.* The Court fails to see any prejudice, especially as the motion to dismiss was not noted for consideration until almost two months later and Plaintiff still has time to file an appropriate response. Dkt. #6.

ORDER – 6

2, 4–5, 10. Plaintiff may seek to add additional claims and parties in accordance with the Federal Rules of Civil Procedure. Plaintiff has not done so at this time and the Court accordingly denies such relief.

Lastly, the Court need not waste time on Plaintiff's request for a three-judge court to decide this Motion to Strike. *Id.* at 1, 8–9 (citing LCR 9(i)). Plaintiff is correct that such a procedure is available in appropriate cases but makes no attempt to establish that hers is such a case. *See* 28 U.S.C. § 2284(a) ("A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the appointment of any statewide legislative body.").

## IV. CONCLUSION

Having considered the Plaintiff's motions, the responsive briefing, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Notice (to Remand) (Dkt. #10) is DENIED.
2. Plaintiff's Motion to Strike and Motion to Renote and Request Hearing (Dkt. #28) is DENIED.
3. The motions to dismiss (Dkts. #6 and #12) remain noted for the Court's consideration on November 15, 2019. All remaining briefing shall take place as provided under the applicable rules.

Dated this 30 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7