UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA LYALL<br><br>            Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA; RUSHMORE LOAN MANAGEMENT SERVICES; US BANK; FIRST AMERICAN TITLE; 7 JOHN AND JANE DOES,<br><br>            Defendants. | CASE NO. C19-1506-RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS AND GRANTING FURTHER ORDER ON PLAINTIFF'S TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

This matter comes before the Court on two Motions to Dismiss filed, respectively, by Defendants Bank of America, N.A. ("BANA"), Dkt. #6; Rushmore Loan Management Services LLC ("Rushmore") and U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust (erroneously sued as US Bank, hereafter "Trustee U.S. Bank"), Dkt. #12; and joined by Defendant First American Title Insurance Company ("First American"), Dkt. #14. Defendants have also moved for a further order on Plaintiff's Temporary Restraining Order. Dkt. #39. The Court finds oral argument unnecessary to rule on these motions. For the reasons set forth below, Defendants' Motions are GRANTED.

## II. BACKGROUND[1]

On January 2, 2008, Plaintiff executed a promissory note ("Note") for $427,500, in consideration for a loan from Countrywide Bank, FSB, for the purchase of real property located at 1001 N.W. 175th St., Shoreline, WA 98177 ("the Shoreline property"). Dkt. #7-1 at 3. On January 3, 2008, Plaintiff executed a Deed of Trust securing repayment of the Note and encumbering the Shoreline property. *Id.* at 4; Dkt. #1-3 at 5-6. The Mortgage Electronic Registrations Systems, Inc. was named as beneficiary and nominee for Countrywide Bank, FSB, its successors and assigns. Dkt. #7-1 at 3. On May 31, 2012, the King County Auditor recorded an assignment of the Deed of Trust that assigned BANA as the new beneficiary. Dkt. #7-2 at 2-3. On September 23, 2015, the King County Auditor recorded a second assignment of the Deed of Trust that assigned U.S. Bank, N.A. as the new beneficiary. Dkt. #7-3 at 2-3. Trustee U.S. Bank is the current beneficiary of the Deed of Trust, Rushmore is the mortgage servicer, and First American is the foreclosure trustee. Dkt. #1-3 at 5; Dkt. #7-5 at 2.

On May 30, 2017, Plaintiff filed an amended complaint in this Court in civil case number C17-00472-RAJ against multiple defendants, including BANA, Trustee U.S. Bank, and Rushmore. Dkt. #7-7. Plaintiff brought claims that included various constitutional violations, "wrongful initiation of foreclosure," a claim to quiet title, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), intentional infliction of emotional distress, "tortious enablement of criminal conduct," and fraud. *Id.* at 1. Several of these claims related to Defendants' interests in the mortgage and Deed of Trust encumbering the Shoreline property and

---

[1] The Court relies on factual allegations in the Complaint, taken as true for purposes of these motions. However, the Court may also consider documents whose "authenticity . . . is not contested" if "the plaintiff's complaint necessarily relies" on them, and may take judicial notice of matters of public record. Fed. R. Evid. 201; *see Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (citations omitted).

challenged their legal right to foreclose on her home. *Id.* at 25-29. On August 17, 2017 and February 13, 2018, respectively, the Court dismissed Plaintiff's claims with prejudice in C17-00472-RAJ against Defendants BANA, Rushmore, and Trustee U.S. Bank. Dkt. #13-2 at 4-5; Dkt. #7-7 at 2-3. The Court entered judgment and closed the case on April 17, 2018. C17-00472-RAJ, Dkt. #174.

Plaintiff's complaint in the current action provides a narrative of events starting in 2012 through the attempted foreclosure of her home in 2019. The facts relevant to the claims in this case are as follows: Plaintiff's Shoreline home went into default in May 2012. *Id.* at 7. In October 2015, Plaintiff attempted to modify her loan but was "unable to complete the modification process" because "any modification would not be legally binding." *Id.* Plaintiff attempted to sell her home in spring of 2018 but there "was an intentional effort to interfere with the success" of the sale and the King County Assessor's office reduced the home value. *Id.* at 8. Plaintiff alleges that Rushmore interfered with the sale and took various actions to "increase [her] monthly expenses and make [her] vulnerable if there was damage" when she decided to keep the house. *Id.* Plaintiff also alleges various actions taken by Rushmore that sought to prevent her from selling her home and, once she decided to keep her home, sought to increase her monthly expenses in the event of damage. *Id.* at 8-9.

Plaintiff describes BANA's involvement in the alleged scheme as "colluding with others whose interest it is to remove my assets intentionally to send me into poverty." *Id.* at 10. Plaintiff claims that BANA's collusion was demonstrated in 2012 when it provided loan information to someone creating fake social media as part of a "smear campaign" against Plaintiff. *Id.* She alleges that BANA, as the lender of her loan, has made six million dollars off her loan and has acted in concert with assignees Rushmore and U.S. Bank to attempt a second foreclosure for which "they knew they had no right to do." *Id.* Plaintiff describes First American's involvement

as the foreclosure trustee that sent her a notice of default that was illegible, incomplete, and not sent via registered or certified mail. *Id.* at 10-11. She also claims that the notice was provided in an "intimidating and harassing" manner and were part of sabotaging her efforts to sell her home. *Id.* at 12. She further claims that First American attempted foreclosure despite knowing they were time-barred from doing so. Because of the improper notice, Plaintiff states, she was impaired from seeking a loan modification. *Id.* Plaintiff further alleges that the attorney she hired failed to assist her in challenging Defendants' actions and took various actions that caused her "to lose weeks of work trying to fix and reply to his many wrongful filings and seek a new attorney." *Id.* at 14-15. She also claims that another attorney was informing people the auction would occur on the wrong date. *Id.* at 14.

Plaintiff initiated this action in King Country Superior Court for the State of Washington on August 6, 2019 against BANA, Rushmore, First American, Trustee U.S. Bank, and seven unnamed Defendants ("DOES 1-7") related to the attempted foreclosure on her Shoreline home. Dkt. #1-2. On September 3, 2019, Court Commissioner Henry H. Hudson granted Plaintiff's motion for a Temporary Restraining Order ("the TRO") in King County Superior Court which stayed the foreclosure sale. Dkt. #3 at 64. In entering the TRO, Commissioner Hudson stayed the September 6, 2019 sale and set a hearing for September 27, 2019 to determine whether a preliminary injunction should issue. *Id.*

Before the state court heard the preliminary injunction issue, Defendants removed the case to this Court based on diversity jurisdiction on September 19, 2019. *See* Dkt. #1. Plaintiff brings this action under Washington's Criminal Profiteering Act, RCW 9A.82.030. *Id.* at 16. The relief she seeks includes civil penalties and attorney's fees under RCW 9A.82, a declaration of quiet title for her Shoreline home, including a reinstatement of her loan with reductions for the illegal foreclosure and collusion, damages for emotional trauma and distress, reimbursement for

loss of her VW rabbit, reimbursement for lost wages, and any other equitable relief that the Court deems appropriate. *Id.* at 16-17.

### III. DISCUSSION

As an initial matter, Plaintiff has not responded to Defendants' Motions to Dismiss. Instead, Plaintiff filed a document captioned "Motion to Strike and Renote" that sought varied relief from the Court, Dkt. #28, which this Court denied on October 30, 2019. Dkt. #38. Plaintiff also filed a document titled "Request for Judicial Review" on October 25, 2019 that attached a proposed amended complaint and advised that she would file a "second amended Complaint" in this case "shortly." Dkt. #37 at 1. The Court cautioned Plaintiff that because her October 25, 2019 notice did not seek affirmative relief, the Court would not consider it. Dkt. #38 at 2. It also warned Plaintiff that she may only add claims and parties pursuant to the Federal Rules of Civil Procedure. *Id.* at 6-7.

As of the date of this Order, Plaintiff has failed to seek leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2); Local Rules W.D. Wash. LCR 15. Plaintiff has likewise failed to respond to the pending motions to dismiss. A failure to file an opposition to a motion to dismiss may be construed as an admission that dismissal is warranted. *Fievez v. Citibank, N.A.*, No. C13-880 RSM, 2013 WL 6055398, at *2 (W.D. Wash. Nov. 15, 2013); *see also* Local Rules W.D. Wash. LCR 7(b)(2). However, given that Plaintiff is proceeding pro se, the Court will afford her the benefit of any doubt and address the merits of Defendants' arguments. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (affording pro se plaintiffs "the benefit of any doubt").

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

### B. Consideration of Documents Outside the Complaint

"Generally, on a 12(b)(6) motion, the District Court should consider only the pleadings." *Shaver v. Operating Engineers Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir. 2003). The Court, however, may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Federal Rule of Evidence 201 permits the court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Consistent with that rule, the Court may take judicial notice of undisputed matters of public record, such as documents on file in federal or state courts. *See Harris v. Cnty. of Orange,* 682 F.3d 1126, 1131–32 (9th Cir. 2012) (taking judicial notice of state court proceedings in res judicata analysis).

Defendants BANA, Rushmore, and Trustee U.S. Bank request judicial notice of several documents: (1) the 2008 Deed of Trust recorded on January 8, 2008 in King County, Dkt. #7-1; (2) subsequent assignments of the 2008 Deed of Trust from 2012 through 2018, Dkts. ##7-2, 7-

3, 7-4; (3) Notice of Trustee's Sale recorded on December 31, 2018, Dkt. #7-5; and (4) litigation documents from Plaintiff's 2017 action in this court publicly filed in Case No. C17-00472-RAJ, Dkts. ##7-6, 7-7, 13-1, 13-2. Defendant First American joins these requests for judicial notice, Dkt. #15 at 2, and adds three categories of documents: (5) court documents from bankruptcy proceedings involving Plaintiff, including case nos. 13-BK-16288, 15-BK-11413, 15-BK-15981 and 17-BK-11580; (6) additional pleadings and court documents filed in Plaintiff's previous action before this Court in C18-472-RAJ; and (7) recorded instruments relating to Plaintiff's Deed of Trust and Notice of Trustee's Sale. *See id.* at 2-3 (listing documents).

No party has challenged the authenticity of the 2008 Deed of Trust, the Notice of Trustee's Sale, or any of the court filings. Each of these documents is either judicially noticeable as public records recorded with the King County Recorder's Office or as court records filed with this Court or the U.S. bankruptcy court for the Western District of Washington. Fed. R. Evid. 201(b)(2). *See also Lee v. Thornburg Mortg. Home Loans Inc.,* No. 14–cv–00602 NC, 2014 U.S. Dist. LEXIS 137758, 2014 WL 4953966 (N.D. Cal. Sept. 29, 2014) (taking judicial notice of court filings and public records to determine if pro se plaintiff's claims barred by res judicata).

**C. Defendants' Motions to Dismiss**

Defendants argue that dismissal of Plaintiff's claims under RCW 9A.82.030 and to quiet title are warranted under Fed. R. Civ. P. 12(b)(6) pursuant to the doctrine of res judicata and for failure to state a claim. The Court will address each argument in turn.

1. Res Judicata

The doctrine of res judicata, or claim preclusion, "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations omitted); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

713 (9th Cir. 2001) ("The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.") (internal quotations omitted). The doctrine serves the important public policy of providing "an end to litigation" and ensures that "matters once tried shall be considered forever settled as between the parties." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02 (1981).

BANA argues that Plaintiff's earlier suit before this Court in C17-00472-RAJ involved the same claim, the same parties, and was resolved on the merits as to Plaintiff's claims under RCW 9A.82.030. Dkt. #6 at 4-7. Rushmore agrees and adds that Plaintiff's claim to quiet title is likewise barred by res judicata. Dkt. #12 at 3-5. Having reviewed the complaint and order of dismissal at issue, the Court finds that Plaintiff's claims under RCW 9A.82 and to quiet title are barred.

          i.        Same Causes of Action and Subject Matter

First, the Court finds an identity of claims between this action and C17-00472-RAJ. To determine whether a subsequent lawsuit involves the same causes of action as a prior suit, the Court must consider four factors: (a) whether rights established by the prior judgment would be impaired by prosecution of the second action, (b) whether both actions present substantially the same evidence, (c) whether both actions involve infringement of the same right, and (d) whether both actions arise out of the same transactional nucleus of facts. *Costantini*, 681 F.2d at 1201–02. Of these four factors, the last is most important. *Id.* at 1202; *see also Owens*, 244 F.3d at 714 ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.") (internal quotations omitted).

The Court finds all four factors of claim identity are met as to Plaintiff's quiet title claim. Starting with the fourth and "most important" factor, *id.* at 1202, it is apparent from review of Plaintiff's 2017 complaint that her claims against BANA, Rushmore, Trustee U.S. Bank, and First

American arise out of the same nucleus of facts related to Plaintiff's residential mortgage loan on her Shoreline property and her subsequent default on the mortgage in 2012. *See* Dkt. #7-6 at 25-30. Indeed, Plaintiff's 2017 complaint expressly sought to quiet title of her Shoreline property, thereby satisfying the third factor. *Id.* at 28. As to the remaining factors, this action seeks to impair Defendants' right to foreclose on Plaintiffs' property. Dkt. #1-3 at 4, 15-16. Furthermore, the underlying evidence—facts related to the 2008 mortgage and promissory note, the Deed of Trust, and subsequent assignments of the Deed—is the same in both cases.

Turning to Plaintiff's cause of action under RCW 9A.82.03, the Court likewise finds an identity of claims between this lawsuit and her 2017 lawsuit. Although Plaintiff did not expressly bring claims under RCW 9A.82 in her 2017 complaint, res judicata bars both claims that were already litigated as well as those that a party "exercising reasonable diligence might have brought forward at the time." *Zweber v. State Farm Mut. Auto. Ins. Co.*, 39 F. Supp. 3d 1161, 1166 (W.D. Wash. 2014) (internal quotations omitted). Res judicata thereby prevents a plaintiff from filing successive lawsuits based on the same set of facts with new claims that should have been raised in the original litigation.

The Court finds such a case here. RCW 9A.82.030 criminalizes "[a]dvancing money or property to be used for extortionate credit" and charges violators with a class B felony. Plaintiff argues that BANA and other Defendants violated this statute when they "collude[d] with others whose interest it is to remove my assets intentionally to send me into poverty." Dkt. #1-3 at 9. Plaintiff maintains that such actions by BANA, "as an extension of Countrywide," are part of a broader bank scheme designed to induce vulnerable individuals "to take on huge expensive loans" and then sell the mortgage note to investors. Dkt. #1-3 at 9-10. These assertions are nearly identical to Plaintiff's criminal profiteering claims in the 2017 action related to the nonjudicial foreclosure process on her Shoreline property. Specifically, she alleged that multiple actors, in

collusion with BANA and Countrywide, participated in a "fraudulent scheme by the bank" wherein the bank issues mortgages to individuals that cannot pay the bank back and wait until the homeowner defaults. Dkt. #7-6 at 27. The foreclosing trustee participated in the "scheme" through coordinating with BANA to unlawfully initiate the foreclosure sale. *See* Dkt. #7-6 at 40-41. Because Plaintiff's RCW 9A.82.030 claim arises from the same nucleus of operative fact as her 2017 complaint and could have been brought in the original litigation, the Court finds an identity of claims.

### ii. Final Judgment on the Merits

Plaintiff's complaint in C17-00472-RAJ was dismissed with prejudice. *See* Dkt. #7-7 at 2-3; #13-2 at 4-5. The finality element of res judicata is therefore satisfied. *Moitie*, 452 U.S. at 401–02.

### iii. Identity of Parties

The Court also finds an identity of parties between the 2017 lawsuit and Plaintiff's current action as to Plaintiff's claims under RCW 9A.82.030 and to quiet title. Defendants BANA, Rushmore, and Trustee U.S. Bank were named defendants in C17-00472-RAJ and therefore satisfy this prong. *See* Dkt. #7-6 at 2.

As for the remaining named Defendant, First American, defendants not named in the earlier lawsuit may still constitute the same party for res judicata purposes if they are in privity with the named defendants. *Cayward v. HSBC Bank USA, Nat. Ass'n*, No. C12-1402MJP, 2013 WL 392718, at *2 (W.D. Wash. Jan. 31, 2013) (citing *Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP,* 161 Wash.2d 214, 224, 164 P.3d 500 (2007)). A defendant is in privity with the named defendants in the prior action if the named parties "adequately represented the nonparty's interest in the prior proceeding." *Feature Realty, Inc.*, 161 Wash.3d at 224. Here, First American's immediate predecessor as Trustee of Plaintiff's Deed of Trust was Weinstein & Riley,

P.S. ("W&R"). *See* Dkt. #15-13 (appointment of W&R as Trustee); Dkt. #15-14 (appointment of First American as Successor Trustee). W&R was a named Defendant in the 2017 action and represented the interests of the foreclosure trustee. *See* Dkt. #15-17. W&R held the same relationship to the other parties and to Plaintiff's Deed of Trust that First American now holds in the current litigation. For that reason, First American's interests were adequately represented by W&R in the prior proceeding, making First American in privity with W&R. *Feature Realty, Inc.*, 161 Wash.3d at 224. Identity of parties is therefore satisfied as to all named defendants.

Accordingly, Plaintiff's claims under RCW 9A.82.030 and quiet title are barred by res judicata and properly dismissed with prejudice. *Zweber*, 39 F. Supp. 3d at 1169.

### 2. Remaining Claims against Named Defendants

Rushmore also seeks dismissal of any remaining allegations against the named Defendants that could be "construed (liberally)" from Plaintiff's complaint. Dkt. #12 at 6. While the Court agrees that Plaintiff expressly brought claims under RCW 9A.82 and for quiet title, the verbosity and vagueness of Plaintiff's complaint make it difficult to determine what other claims she is bringing against which Defendants, and on what grounds. *See generally* Dkt. #1-3. On this basis alone, dismissal of the remaining claims is appropriate. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Again, however, to afford Plaintiff the benefit of any doubt, the Court will address the merits of Defendants' arguments.

Under a liberal construction of Plaintiff's complaint, the Court identifies four remaining claims against the named Defendants: (i) expiration of statute of limitations on foreclosure; (ii) violation of foreclosure notice requirements; (iii) violation of the bankruptcy stay under 11 U.S.C. § 362; and (iv) miscellaneous allegations of criminal profiteering.

#### i. Six-year statute of limitations bar

Plaintiff claims that non-judicial foreclosure is barred by the six-year statute of limitations under RCW 4.16.040. Dkt. #1-3 at 6, 10. RCW 4.16.040(1) requires that "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" be commenced within six years. This includes actions to foreclose on a deed of trust. *Edmundson v. Bank of Am., N.A.*, 194 Wn. App. 920, 927 (2016). The six-year statute of limitations accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 195 Wn. App. 644, 663 (2016).

Plaintiff admits that she stopped making payments on the Note in May 2012. Dkt. #1-3 at 7 ("This was the last time she made a mortgage payment."). However, the Washington Supreme Court has rejected Plaintiff's argument that the six-year statute of limitations on a mortgage note begins to run on the first date of missed payment. *Edmundson,* 194 Wn. App. 920 at 930. For installment promissory notes, such as the Note at issue here, the six-year statute of limitations accrues for each monthly installment from the date it becomes due—not from the first date of missed payment. *Id.* at 127; *see also Won Yong Ha v. US Bank Nat'l Ass'n as Tr. for Blue Water Inv. Tr.*, No. 2:19-CV-00492-RAJ, 2020 WL 618542, at *2 (W.D. Wash. Feb. 10, 2020) (same). The six-year statute of limitations therefore began to run each time she missed a payment. Because Plaintiff's loan does not mature until February 1, 2038, *see* Dkt. #7-1 at 3, Defendants may proceed with foreclosure until February 1, 2044. Accordingly, Plaintiff's time-bar claim fails as a matter of law.

        ii.        Violation of RCW 61.24.040

Plaintiff also states that in September 2018, she received an illegible wet ball on her front porch that was part of a "notice of default," followed by an incomplete version of the document via email in October. Dkt. #1-3 at 10-11. She claims that these actions amounted to a violation of the notice requirements under RCW 61.24.040 since she was required to receive the notice of

default by certified or registered mail. Since RCW 61.24.040 refers to the notice of *trustee sale*, not the notice of default, it is apparent that Plaintiff intended to challenge Defendants' compliance with RCW 61.24.030, which sets forth the requirements for transmitting a notice of default. *See* RCW 61.24.030(8) (Requiring service by first-class and either registered or certified mail and posting in conspicuous place or personal service on the borrower and grantor).

Plaintiff maintains that Defendants violated Washington state's requirements for sending her the notice of default. Dkt. #1-3 at 10-11. However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678. Here, the judicially noticeable evidence shows that First American served the notice of default pursuant to the requirements of RCW 61.24. Dkt. #7-5 at 3 (Notarized Notice of Trustee's Sale stating Notice of Default transmitted by both first class and certified mail on September 4, 2018, with Borrower and Grantor personally served on August 31, 2018 and written notice of default posted in a conspicuous place on the property). Despite repeated warnings from this Court that Plaintiff's non-responsiveness may be considered an admission of merit, *see* Dkt. #38 at 1; C17-00472-RAJ, Dkt. #21, Plaintiff neither opposed the authenticity of the Notice of Trustee's Sale, nor did she respond to Defendants' arguments for dismissal of her claims that relied upon these documents. *See* Dkts. #12 at 6, #14 at 6-7. In doing so, she conceded to their merit. Local Rules W.D. Wash. LCR 7(b)(2); *Fievez*, 2013 WL 6055398, at *2.

More detrimental to Plaintiff's claim, however, is the statements made in her Complaint. Courts may not take judicial notice of the truth of disputed factual matters, *see Lee*, 250 F.3d at 690, but the Court finds no actual dispute where Plaintiff has admitted to receiving the notice of default in September that was sufficiently legible to determine the date, the name of the foreclosure Trustee and their phone number. *See* Dkt. #1-3 at 11 ("I could see that the date said August and the name of the company, the foreclosure Trustee, named First American Title

Trust."). While the Court may resolve certain ambiguities in favor of a pro se plaintiff, "it is not required (or allowed) to permit a party to proceed to the discovery stage" where the claims wholly lack legal merit. *Rahman v. Greenpoint Mortg. Funding, Inc.*, No. 2:19-CV-530, 2019 WL 3550314, at *4 (W.D. Wash. Aug. 5, 2019). Given the judicially noticeable evidence and Plaintiff's statements, the Court finds this claim meritless and dismissal proper.

     iii. Violation of 11 U.S.C. § 362

Plaintiff also claims that Defendant First American, in collusion with attorney Alison Haig, was informing people that the foreclosure sale originally postponed until September 6, 2019 was being held earlier, on August 9, 2019, in violation of an unspecified bankruptcy stay under 11 U.S.C. § 362. Dkt. #1-3 at 14. Plaintiff's claim for violation of the stay has no basis given that the foreclosure sale never occurred in August 2019. *See* Dkt. #3 at 64 (TRO entered on September 3, 2019). Dismissal of this claim is therefore proper.

     iv. Miscellaneous Claims

Plaintiff's remaining claims against the named Defendants are an assortment of allegations that Defendants colluded with one another, misrepresented or withheld information from Plaintiff, and engaged in various efforts to prevent her from selling and/or keeping her Shoreline home. These efforts include failure to provide an accounting on the foreclosure sale on Plaintiff's Tennessee rental home, efforts to prevent her from selling her home, including misrepresented home valuations, taking actions to increase her monthly expenses and "make [her] vulnerable" in the event of damage, contacting her homeowner's insurance company resulting in an inspection, and asking her to increase her deductible for her insurance coverage. Dkt. #1-3 at 4, 7-8.

Plaintiff provides no clear legal basis for these claims but appears to also bring them under RCW 9A.82 for unlawful criminal profiteering. Even if the Court views these newer

allegations arising after 2017 as distinct from her earlier claims brought in C17-00472-RAJ and barred by res judicata, they still fail as a matter of law. RCW 9A.82.030 is a criminal statute and provides no cause of action for private litigants. *See* RCW 9A.82 *et seq.* Again, Defendants raised these deficiencies in their motions to dismiss, and Plaintiff failed to respond or move to amend her complaint. *See* Dkts. #6 at 7; #12 at 6.

Plaintiff also references several other criminal statutes in her relief sought: "RCW 9A.40.100, RCW 9.68A.100, RCW 9.68A.101, or RCW 9A.88.70, or a violation of RCW 9A.82.060 or 9A.82.080." Dkt. #1-3 at 15. Most of these statutes are under Washington's criminal code, Title 9A, and the Court finds no cognizable right of action for Plaintiff's private lawsuit contained therein. As for the remaining statutes, Plaintiff has offered no conceivable connection between these causes of action and her allegations. *See* RCW 9.68A.100-101 (addressing sexual exploitation of children). Plaintiff also references violations of her "constitutional right to property," *id.* at 14, but she provides no further explanation of what constitutional provision was allegedly violated, and on what grounds. Based on the undisputed facts of this case, the Court finds no cognizable constitutional claim for relief here.

Accordingly, for the reasons set forth above, Defendants' Motions to Dismiss, Dkts. #6, #12, are GRANTED.

**D. Leave to Amend**

A court must ordinarily grant a pro se plaintiff leave to amend their complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rahman*, 2019 WL 3550314, at *4 (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Id.* (citing *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988)).

ORDER GRANTING MOTIONS TO DISMISS AND FURTHER
ORDER ON TEMPORARY RESTRAINING ORDER - 15

Here, the key facts are not in dispute. It is plain and undisputed that Plaintiff secured a mortgage loan on her Shoreline home in 2008, that she stopped making payments on her mortgage in 2012, that she previously brought suit in this Court pertaining to the same Note and Deed of Trust at issue, and that this Court previously dismissed Plaintiff's prior action on the merits and upheld Defendants' right to foreclose on the defaulted Deed of Trust. As set forth above, her claims are either barred by res judicata or wholly lacking in legal merit. Given the legal insufficiency of Plaintiff's arguments and futility of amendment, the Court finds dismissal of Plaintiff's claims without leave to amend warranted.

**E. Further Order on Plaintiff's Temporary Restraining Order**

The Court will now address Defendants' Motion for Further Order on Plaintiff's Temporary Restraining Order. Dkt. #39. Defendants BANA, Rushmore and Trustee U.S. Bank ask that this Court dissolve the Commissioner's Order and deny further injunctive relief. Dkt. #39 at 4. First American further requests that if granted a dismissal of this action with prejudice, it should be allowed leave to extend the sale of the stayed foreclosure date by at least forty-five (45) days to a date of its choosing. Dkt. #14 at 7. The Court will address each request in turn.

A temporary restraining order entered in Washington state superior court "shall expire by its terms within such time after entry, not to exceed 14 days, as the court fixes, unless the time so fixed the order, for good cause shown, is extended for a like party or unless the party against whom the order is directed consents that it may be extended for a longer prior." Local Rules Wash. Sup. Ct. CR 65(b). The rules likewise provide that "the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order." *Id.*

Here, the Commissioner ordered that the TRO would remain in effect "pending further court order" on the assumption that the preliminary injunction hearing would take place on

September 27, 2019. Dkt. #3 at 64. As a result, it has remained in effect long past the typical fourteen-day period set by CR 65(b). Here, Plaintiff has not proceeded with any application for a preliminary injunction, which would normally require this Court to dissolve the TRO. *See* Local Rules Wash. Sup. Ct. CR 65(b). Even if this Court afforded Plaintiff the benefit of the doubt regarding how to proceed after the TRO issued, she has failed to respond to Defendants' allegations that the TRO never should have been granted in the first instance. *See* Dkt. #39 at 6-7 (listing violations of service requirements under RCW 61.24.130(2)). Above all, given the Court's dismissal of all claims against the named Defendants, the Court finds no proper basis for preserving the Commissioner's TRO to determine whether it should convert into a preliminary injunction. This Order therefore GRANTS Defendants' motion, Dkt. #39, and dissolves the TRO currently in place.

Lastly, First American seeks leave to extend the foreclosure sale by at least forty-five days. Washington state law requires that if a TRO or injunction is dissolved after the date of the trustee's sale, the court dissolving the TRO shall, at the request of the trustee, set a new sale date "not less than forty-five days from the date of the order dissolving" the TRO. RCW 61.24.130(3). Here, the trustee's sale date was originally scheduled for May 10, 2019. Dkt. #13-3 at 1. First American continued the original sale to September 6, 2019, which was within the 120-day continuance deadline required under RCW 61.24.040(10). Dkt. #3 at 64. The Court finds that Defendants' unopposed motion to extend the foreclosure sale date complies with RCW 61.24.130(3) and would prevent First American from having to "go back to square one" and commence a new foreclosure. Dkt. #39 at 8. Accordingly, the Court GRANTS First American's request for leave to extend the stayed foreclosure sale date by at least forty-five days to a date of First American's choosing.

F. **Remaining Claims against "Doe" Defendants**

Having dismissed all claims against the named Defendants, the only claims left in this case are against the seven unnamed "John and Jane Does 1-7" that allegedly acted in concert with the named defendants. *See* Dkt. #1-3 at 1. Plaintiff claims that these seven unnamed defendants "willfully assisted the Defendants in their wrongful actions" and notes that some were "acting under the color of the law." *Id.* at 2. She provides no further detail, and it is unclear which of the many unnamed individuals or groups she references throughout her complaint are the intended John or Jane Does. *See, e.g.*, *id.* at 3 ("one of her 1099 employers"); *id.* at 4 ("[a] group of individuals, including those holding high positions or are wealthy); *id.* at 7 (real estate agents hired by Plaintiff); *id.* at 8 (bank manager who cut down trees in her front yard); *id.* at 12 (plaintiff's attorney); and *id.* at 15 ("a continuation of those with authority interfering with my employer, to create false tax documents, and cause a lowering of my wage and a possible future with zero income").

Pursuant to Rule 4(m), a defendant must be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). A court may dismiss an action without prejudice if a summons and complaint are not timely served on a defendant. *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The intent of Rule 4(m) is to force parties "to be diligent in prosecuting their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. *Id.* However, "good cause" requires more than simple inadvertence, mistake, or ignorance of the procedural rules—even where a party appears pro se. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000). Indeed, while pro se parties are generally held to less stringent standards, a pro se litigant must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

As of the date of this order, none of the unnamed defendants have appeared. Plaintiff claims that she served two of the unnamed defendants, (1) William McCool, District Court Executive Clerk for the Western District of Washington; and (2) Jason Wilson-Aguilar, Trustee of the U.S. Bankruptcy Court for the Western District of Washington. Dkt. #37 at 1. However, neither defendant has appeared, and nothing in the record indicates that either defendant was served pursuant to Fed. R. Civ. P. 4. As for the remaining unnamed defendants, the record is silent as to whether Plaintiff has made any efforts to identify them.

In an abundance of caution, the Court will afford Plaintiff thirty (30) days to either submit proof that the unnamed defendants were served before the 90-day deadline or provide good cause for why service was not made within the time limit. Failure to do so will result in dismissal of this case.

### IV. CONCLUSION

Having reviewed Defendants' Motions to Dismiss, Dkts. #6, #12, First American's joinder, Dkt. #14, Defendants' Motion for Further Order on the Temporary Restraining Order, Dkt. #39, and the remainder of the record, it is hereby ORDERED:

(1) Defendants' Motions to Dismiss, Dkts. #6, #12, are GRANTED. Plaintiff's claims against the named Defendants are DISMISSED with prejudice and without leave to amend.

(2) Defendants' Motion for Further Order on the Temporary Restraining Order, Dkt. #39, is GRANTED. Plaintiff's Temporary Restraining Order issued on September 3, 2019, by the Superior Court of Washington for King County in Case No. 19-2-20601-2-SEA is hereby dissolved. First American may extend the stayed foreclosure sale date by at least forty-five (45) days to a date of its choosing.

(3) Plaintiff is ORDERED to show cause for failure to effect service on the unnamed defendants, John and Jane Does 1-7, within thirty (30) days from the date of this Order. Failure to do so will result in dismissal of this case.

DATED this 20th day of March 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE